IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION,

        Plaintiff,

v.

THE GAP, INC.,

        Defendant.
_____/

Civil Action No.
HONORABLE

**COMPLAINT**
**AND JURY TRIAL DEMAND**

## NATURE OF THE ACTION

This is an action under Title I of the Americans with Disabilities Act of 1990 and Title I of the Civil Rights Act of 1991 to correct unlawful employment practices on the basis of disability and to provide appropriate relief to Wayne Cook ("Cook") who was adversely affected by such practices. The Commission alleges that Defendant The Gap, Inc. violated the Americans with Disabilities Act ("ADA") when it terminated Cook's employment on the basis of disability (glomerulonephritis).

## JURISDICTION AND VENUE

1.    Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343, and 1345. This action is authorized and instituted pursuant to Section 107(a) of the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. § 12117(a), which incorporates by reference Sections 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. §§ 2000e-5(f)(1) and (3), and pursuant to Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981(a).

2.     The employment practices hereafter alleged to be unlawful were committed within the jurisdiction of the United States District Court for the Eastern District of Michigan, Southern Division.

## PARTIES

3.     Plaintiff, the Equal Employment Opportunity Commission (the "Commission"), is the agency of the United States of America charged with the administration, interpretation and enforcement of Title I of the ADA and is expressly authorized to bring this action by Section 107(a) of the ADA, 42 U.S.C. § 12117(a), which incorporates by reference Sections 706(f)(1) and (3) of Title VII, 42 U.S.C. §§ 2000e-5(f)(1) and (3).

4.     At all relevant times, Defendant The Gap, Inc. (the "Employer") has continuously been a Delaware corporation doing business in the State of Michigan and City of Howell and has continuously had at least 15 employees.

5.     At all relevant times, Defendant Employer has continuously been an employer engaged in an industry affecting commerce under Section 101(5) of the ADA, 42 U.S.C. § 12111(5), and Section 101(7) of the ADA, 42 U.S.C. § 12111(7), which incorporates by reference Sections 701 (g) and (h) of Title VII, 42 U.S.C. §§ 2000e(g) and (h).

6.     At all relevant times, Defendant Employer has been a covered entity under Section 101(2) of the ADA, 42 U.S.C. § 12111(2).

## STATEMENT OF CLAIMS

7.     More than thirty (30) days prior to the institution of this lawsuit, Cook filed a charge with the Commission alleging violations of Title I of the ADA by Defendant Employer. All conditions precedent to the institution of this lawsuit have been fulfilled.

2

8.  Since at least February 2008, Defendant Employer engaged in unlawful employment practices at its Howell, Michigan facility in violation of Section 102(a) of the ADA, 42 U.S.C. § 12112(a). The Defendant's practices include, but are not limited to, terminating Cook's employment as a store manager on February 11, 2008 on the basis of his disability, glomerulonephritis.

9.  The effect of the practices complained of in paragraph 8 above has been to deprive Cook of equal employment opportunities and otherwise affect his status as an employee because of disability (glomerulonephritis).

10. The unlawful employment practices complained of in paragraph 8 above were intentional.

11. The unlawful employment practices complained of in paragraph 8 above were done with malice or with reckless indifference to the federally protected rights of Cook.

## **PRAYER FOR RELIEF**

WHEREFORE, the Commission respectfully requests that this Court:

A.  GRANT a permanent injunction enjoining Defendant Employer, its officers, agents, servants, employees, attorneys, and all person in active concert or participation with it, from engaging terminating any employee on the basis of disability and any other unlawful employment practice which discriminates on the basis of disability;

B.  ORDER Defendant Employer to institute and carry out policies, practices, and programs which provide equal employment opportunities for qualified individuals with disabilities, and which eradicate the effects of its past and present unlawful employment practices.

C.   ORDER Defendant Employer to make whole Cook by providing appropriate back pay with prejudgment interest and benefits, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices, including but not limited to the reinstatement of Cook.

D.   ORDER Defendant Employer to make whole Cook by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described in paragraph 8 above, including but not limited to out-of pocket medical expenses and job search and relocation expenses, in amounts to be determined at trial.

E.   ORDER Defendant Employer to make whole Cook by providing compensation for past and future nonpecuniary losses resulting from the unlawful practices complained of in paragraph 8 above, including but not limited to, humiliation, emotional pain and suffering, in amounts to be determined at trial.

F.   ORDER Defendant Employer to pay Cook punitive damages for its malicious and reckless conduct, as described in paragraph 8 above, in amounts to be determined at trial.

G.   GRANT such further relief as the Court deems necessary and proper in the public interest.

H.   AWARD the Commission its costs of this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its complaint.

Respectfully submitted,

EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION

_____
LAURIE A. YOUNG
Regional Attorney

_____
DEBORAH M. BARNO (P44525)
Supervisory Trial Attorney

Dated: November 16, 2010

_____
DALE PRICE (P55578)
Trial Attorney
DETROIT FIELD OFFICE
Patrick V. McNamara Building
477 Michigan Avenue, Room 865
Detroit, Michigan 48226
(313) 226-7808

5