UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION,                                    Case No. 10-14559

               Plaintiff,                       District Judge Arthur J. Tarnow

v.                                              Magistrate Judge R. Steven Whalen

THE GAP, INC.,

               Defendant.

_____/

### OPINION AND ORDER DENYING MOTION TO AMEND

Before the Court is Plaintiff's Motion to Amend the Complaint and Modify the
Scheduling Order [Doc. #14]. For the reasons discussed below, the motion is DENIED.

## I.   BACKGROUND FACTS

Plaintiff EEOC filed suit on behalf of Wayne Cook, a former GAP store manager,
on November 16, 2010, under Title I of the Americans with Disabilities Act of 1990 and
Title I of the Civil Rights Act of 1991, alleging that Cook was terminated on February 8,
2008 because had glomerulonephritis, a kidney disease which causes frequent bathroom
trips.  Mr. Cook filed an EEOC charge in October 2008.

Plaintiff now seeks to amend the complaint, stating that on June 22, 2011, it spoke
with its retained nephrology expert, Dr. Mark Faber, after a document review.  Dr. Faber
allegedly stated that the frequent diarrhea was not attributable to glomerulonephritis, but
rather, "was secondary to [Cook's] treat for HIV." *Plaintiff's Brief* at 1.  Plaintiff seeks to
substitute glomerulonephritis for "HIV positive, the medication for which substantially
limited his ability to control his bowels." *Proposed Amended Complaint* at ¶8.

## II.   STANDARD OF REVIEW

Fed.R.Civ.P. 15(a) states that after a responsive pleading is filed, a complaint may be amended only by leave of the court, and that "leave shall be freely given when justice so requires." However, "[a] motion to amend a complaint should be denied if the amendment is brought in bad faith, dilatory purposes, results in undue delay or prejudice to the opposing party, or would be futile." *Crawford v. Roane,* 53 F.3d 750, 753 (6th Cir. 1995); *see also Foman v. Davis,* 371 U.S. 178, 182, 83 S.Ct. 227, 230, 9 L.Ed.2d 222 (1962). "Delay alone will ordinarily not justify the denial of leave to amend; however, delay will at some point become 'undue,' 'placing an unwarranted burden on the court,' or 'prejudicial,' 'placing an unfair burden on the opposing party.'" *Commercial Money Center, Inc. v. Illinois Union Ins. Co.*, 508 F.3d 327, 347 (6th Cir. 2007), quoting *Morse v. McWhorter,* 290 F.3d 795, 800 (6th Cir.2002). Moreover, "[a]t some point in the course of litigation, an unjustified delay preceding a motion to amend goes beyond excusable neglect, even when there is no evidence of bad faith or dilatory motive. Liberality in pleading does not bestow on a litigant the privilege of neglecting her case for a long period of time. While we must give a party a fair chance to present claims and defenses, we also must protect 'a busy district court [from being] imposed upon by the presentation of theories seriatim.'" *Minor v. Northville Public Schools* 605 F.Supp. 1185, 1200 -1202 (E.D.Mich. 1985), quoting *Daves v. Payless Cashways, Inc.,* 661 F.2d 1022, 1025 (5th Cir.1981).

Ultimately, the determination of whether the motion to amend is to be granted is left to the sound discretion of the trial court. *Forman,* 371 U.S. at 182.

## III.   DISCUSSION

### A.   Length of and Reason for the Delay

Wayne Cook filed his charge with the EEOC in March of 2008. The EEOC filed its complaint in this Court on November 16, 2010, and moved to amend the complaint, changing the underlying medical basis of the alleged discrimination from glomerulonephritis to HIV, on July 28, 2011. Plaintiff states that "[t]he EEOC was justified in waiting until now to seek to amend the complaint because it did not know that the HIV treatment was the cause of Cook's bowel control limitations until June 22 [2011]," after speaking with Dr. Farber. *Plaintiff's Motion*, ¶ 4.

The EEOC's explanation for its failure to mention HIV in its initial complaint is unconvincing. In its reply brief [Doc. #20], the EEOC argues that the Defendant was, or should have been aware of Mr. Cook's HIV status because (1) "it is clear that glomeronephritis...is often secondary to HIV, as a cursory internet search will reveal," and (2) a former GAP assistant manager said that after Mr. Cook took leave, "rumors were flying here that he had HIV." *Reply Brief*, p.2.  Setting aside the question of whether employers are required to undertake internet searches of arcane medical conditions, one must ask: If Mr. Cook's HIV status should have been obvious to the Defendant, shouldn't it have been equally obvious to the EEOC when it began its investigation three years ago?

More importantly, my *in camera* review of documents withheld by the EEOC on its claim of deliberative process privilege persuades me that the EEOC knew perfectly well that this was an HIV-related case.[1] In light of these documents, I find the EEOC's denial that it knew that Mr. Cook's case was HIV-related disingenuous and unsavory.

In *Durfee v. Rich*, 2008 WL 324206, *2 -3 (E.D.Mich. 2008), Judge Lawson

---

[1] On November 29, 2011, I ordered production of a number of these documents. *See* Doc. #31. The EEOC's objections to that order are pending before Judge Tarnow. I therefore refer to the material only in general terms, at least until the objections are resolved. If Plaintiff files objections to this present order, the documents are of course available to Judge Tarnow for his own *in camera* review.

stated:

> "Courts are especially inclined to deny a motion brought under Rule 15 'if the moving party knew the facts on which the claim or defense sought to be added were based at the time the original pleading was filed and there is no excuse for his failure to plead them.' 6 Charles Alan Wright et al., Federal Practice and Procedure § 1487 (2d ed.1990); *see Wade* [*v. Knoxville Utilities Bd.*], 259 F.3d [452] at 459 [6th Cir. 2001] (finding undue delay where the plaintiff knew the facts forming the basis of the amended claims but failed to plead the claims in the original complaint)."

I recognize that the EEOC does not seek to add a new *legal claim*, but rather to amend the underlying *factual* basis of the Americans with Disabilities Act claim pled in the original complaint. No matter. The EEOC was aware of these facts well before it filed its complaint. And these are not minor, insignificant facts. As discussed in the next section, they are facts that alter the focus of this litigation no less that if the EEOC added a different claim.

The length of and unsatisfactory reasons for the delay weigh against granting the motion to amend.

## B.   Prejudice

"An amendment to a complaint prejudices a party where the amendment will require the party to prepare an additional defense strategy and expend additional resources to defend against new claims."  *Durfee v. Rich*, at *3, citing *Troxel Mfg. Co. v. Schwinn Bicycle Co.,* 489 F.2d 968, 971 (6th Cir.1973). The same rationale may apply where these additional burdens on the defense are occasioned by new factual allegations, as opposed to new claims. *See Jefferson v. Grand Trunk Western R.R., Inc.*, 2009 WL 235647, *1-2 (E.D. Mich. 2009)(denying motion to add additional injuries to a negligence claim). Also, "a motion to amend may prejudice the non-moving party when the motion *would shift the theory of the case*, thereby rendering the non-moving party's prior discovery a misdirected use of resources and compelling the non-moving party to engage

in costly additional discovery." *Sharkey IRO/IRA v. Franklin Resources*, 263 F.R.D. 298, 301 (D.Md. 2009)(emphasis added).

The EEOC filed its complaint based on an underlying condition of glomerulonephritis. For over three years, including the investigatory and conciliation stage and the time between filing the complaint and moving to amend, the EEOC concealed the fact that from the beginning, it viewed this as an HIV-related case. HIV is not just another medical condition, like glomerulonephritis. It carries social and political, as well as medical connotations. As noted at oral argument, the GAP is commercially sensitive to the GLBT market. Having to defend against the amended claim at this late date changes the focus and complexion of this case, and will require not only new and additional discovery, but will fundamentally change the defense theory and strategy. The Defendant puts it this way:

> "Plaintiff's assertion that it merely is changing the underlying disability to HIV is remarkable given that it is the very basis for its three-year-old claim. Plaintiff is changing the disability that was the center of the administrative investigation, conciliation and litigation. this change essentially amounts to creating a new cause of action." *Defendant's Responsive Brief*, Doc. #17, at 7.

The litigation prejudice to the Defendant, along with the unnecessary delay and the fact that the EEOC had knowledge of but chose to conceal the HIV nature of this case are sufficient reasons in and of themselves to deny the Plaintiff's motion to amend. In addition, by concealing the fact that its investigation centered on an HIV-related condition, the EEOC denied the Defendant a reasonable opportunity to conciliate before litigation. "The purpose of filing a charge of discrimination [with the EEOC] is to trigger the investigatory and conciliatory procedures of the EEOC. An EEOC charge notifies potential defendants of the nature of plaintiff's claims and provides the opportunity for the parties to settle claims before the EEOC instead of litigate them." *Cleveland Branch,*

-5-

*NAACP v. City of Parma*, 263 F.3d 513, 534 (6ᵗʰ Cir. 2001).

In *EEOC v. Keco Industries, Inc.*, 748 F.2d 1097, 1102 (6ᵗʰ Cir. 1984), the Sixth Circuit held that the "form and substance of...conciliations is withing the discretion of the EEOC as the agency created to administer and enforce our employment discrimination laws and is beyond judicial review." In this case, the *Keko Industries* holding would appear to preclude any examination of the conciliation process that the EEOC attempted. However, *Keko Industries* also held that "[b]efore bringing suit, the EEOC must make *a good faith effort* to conciliate the claim," and that "[t]he district court should only determine whether the EEOC made an attempt at conciliation." *Id.* (emphasis added). By concealing the critical fact that this was an HIV case, thereby depriving the Defendant of notice of the true nature of the claim, the EEOC's attempt at conciliation was not made in good faith, and was the equivalent of no conciliation at all. Had the EEOC been more forthcoming about Mr. Cook's claim, conciliation may well have taken a different direction.

Although the EEOC defends the integrity of its efforts at conciliation, it asks, as an alternative to denying the motion to amend, that the case be stayed for further conciliation, citing *E.E.O.C. v. Crye-Leike, Inc.,* — F. Supp. 2d — , 2011 WL 3348045, *8 (E.D.Ark.2011):

> When a Court determines that the EEOC has attempted conciliation, but has not done so in good faith, the Court may stay the proceedings for conciliation efforts to resume. *E.E.O.C. v. Hibbing Taconite Co.,* 266 F.R.D. 260, 273 (D.Minn.2009). *Cf. E.E.O.C. v. Die Fliedermaus,* 77 F.Supp.2d 460, 467–68 (S.D.N.Y.1999) (court stayed proceedings for thirty days due to a failure to conciliate in good faith where the EEOC had refused to inform the employer of how the EEOC had calculated compensatory damages; court noted that preferred remedy for failure to conciliate is not dismissal but instead a stay to permit such conciliation); *McGee Bros. Co.,* 2011 WL 1542148, at *7 (appropriate remedy to an alleged defect in the conciliation process is an additional opportunity to conciliate). Dismissal, however, may also be an appropriate sanction under some extreme circumstances. *Hibbing Taconite,* 266

F.R.D. at 273. *Cf. E.E.O.C. v. CRST Van Expedited, Inc.,* No. 07–CV–95–LRR, 2009 WL 2524402, at *19 and n. 24 (N.D.Iowa 2009) (dismissing the EEOC's complaint for a total failure to investigate, issue reasonable cause finding, or conciliate, and noting that "[h]ad the EEOC not wholly abdicated its role in the administrative process, the court might have stayed the instant action for further conciliation in lieu of dismissal.").

Were the failure to undertake a good-faith conciliation the only issue before me, I might consider this alternative remedy. However, this is a motion to amend, not a motion to dismiss, and as discussed above, the length of unexcusable delay and the prejudice to the Defendant augur in favor of denying the motion. Indeed, staying the case for another attempt at conciliation at this late date would merely add to the delay.

## IV.    CONCLUSION

The Defendant's Motion to Amend the Complaint and Modify the Scheduling Order [Doc. #14] is DENIED.

IT IS SO ORDERED.

s/ R. Steven Whalen
R. STEVEN WHALEN
UNITED STATES MAGISTRATE JUDGE

Date:  December 27, 2011

The undersigned certifies that the foregoing document was served upon counsel of record via the Court's ECF System to their respective email addresses or First Class U.S. mail disclosed on the Notice of Electronic Filing on December 27, 2011.

s/Johnetta M. Curry-Williams
Case Manager